IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01418-BNB

AARON JORDAN,

    Applicant,

v.

ARAPAHOE COUNTY DETENTION FACILITY,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Aaron Jordan, is detained at the Arapahoe County Detention Facility in Centennial, Colorado. He initiated this action on May 20, 2014, by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his criminal conviction. For relief, he seeks monetary damages.

    On May 21, 2014, Magistrate Judge Boyd N. Boland reviewed Applicant's filing and determined that it was deficient. Magistrate Judge Boland advised Mr. Jordan that his claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that a state prisoner may not recover damages under § 1983 if a favorable judgment would necessarily imply the invalidity of his conviction unless the conviction has been invalidated. Magistrate Judge Boland instructed Mr. Jordan that he may seek to invalidate his criminal conviction through a writ of habeas corpus under 28 U.S.C. § 2254. The appropriate remedy in a habeas corpus

proceeding is release from confinement, not damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (2005). Magistrate Judge Boland directed Mr. Jordan to file an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, to assert the appropriate relief, if he wished to proceed in this action. Magistrate Judge Boland further instructed Applicant to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, or, in the alternative, to pay the $5.00 filing fee. Magistrate Judge Boland warned Plaintiff in the May 21 Order that failure to cure the deficiencies noted would result in dismissal of this action without further notice.

On May 27, 2014, the copy of the Order Directing Applicant to Cure Deficiencies and to File Amended Application (ECF No. 3) that was sent to Mr. Jordan was returned to the Court as undeliverable. (ECF No. 4). On May 29, 2014, Mr. Jordan paid the $5.00 filing fee.

Mr. Jordan has now failed to file an amended Application in compliance with the May 21 Order. Further, he has not filed a notice of change of address with the Court as required by D.C.COLO.LCivR 11.1(d). Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Aaron Jordan, to comply with the May 21, 2014 Order Directing Applicant to Cure Deficiencies and to File Amended Application and for failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Jordan has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Jordan files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  1st  day of    July   , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court